In the Matter of Supplementary Proceedings: FRANK L. TYSON and T. KENNETH TYSON, Individually, and as Copartners Doing Business under the Trade Name and Style of TYSON & TYSON, Judgment Creditors, *v.* JOHN OWENS, Judgment Debtor.

City Court of New York, Special Term, Bronx County, July 11, 1940.

MOTION for order pursuant to section 796 of Civil Practice Act.

*Joseph G. Kaplan,* for the motion.

DONNELLY, J. Motion for an order, pursuant, to section 796 of the Civil Practice Act, directing Harry T. Ashworth to pay to the sheriff of the county of Bronx the sum of $129.27, held by said Ashworth, to be applied towards the satisfaction of the judgment herein in the sum of $229.50.

The judgment debtor is at present confined to the Riker's Island Penitentiary. The motion is based upon the affidavit of the said Ashworth, submitted in lieu of his examination as a third party herein. In his affidavit Ashworth states that he is the acting warden of Riker's Island Penitentiary, where the judgment debtor is confined, and that he has in his possession " in the custody account the sum of $129.27 which belongs to John Owens, the above named judgment debtor."

I think the statement of Ashworth is insufficient to establish ownership by the judgment debtor of the sum in question. Owens should be heard upon the subject.

A motion pursuant to section 796 of the Civil Practice Act may be without notice or upon such a notice given to such persons as the court in its discretion deems just. If such notice is directed to be given, or, as at bar, is actually given to the judgment debtor, the

one served must be a free agent with choice to take advantage of it or to ignore it.

The judgment debtor may be brought before the court pursuant to the provisions of section 415 of the Civil Practice Act or an affidavit may be obtained from him stating whether or not any one other than he has any interest in or title to the money he turned over to the acting warden.

Motion denied, without prejudice to renewal.